<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STANISLAV ROYZENSHTEYN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ONYX ENTERPRISES CANADA, INC., *et al.*, <br><br> Defendants. | Civil Action No. 22-07514 (GC) (JBD) <br><br> <u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendants Onyx Enterprises Canada Inc. (OEC), Prashant Pathak, Carey Kurtin, and In Colour Capital Inc.'s Motion for Reconsideration and Clarification of the Court's May 31, 2024 Order denying their Motions to Dismiss the Complaint. (ECF Nos. 88, 92, 119, 124.)[1] Plaintiffs Stanislav Royzenshteyn and Roman Gerashenko opposed. (ECF No. 133.) The Court carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the OEC Defendants' Motion for Reconsideration and Clarification is **DENIED**.

---

[1] Previously, OEC, Pathak, and C. Kurtin filed a motion to dismiss separate from In Colour Capital's motion. (ECF Nos. 88, 92.) In their respective motions, OEC, Pathak, and C. Kurtin named themselves the "OEC Defendants," and In Colour Capital argued that it was so uninvolved with OEC that it could not be subject to personal jurisdiction in New Jersey through an agency theory. (*See* ECF No. 88; ECF No. 92 at 13-17; ECF No. 95 at 15-19.) Now, these Defendants include In Colour Capital as one of the OEC Defendants. (ECF No. 124-1 at 6.) For clarity, the Court adopts the parties' newest definition of the OEC Defendants.

I.  **BACKGROUND**

The premise of this action is that Plaintiffs were harmed following a merger between a special purpose acquisition company (SPAC) and Onyx Enterprises International Corp., a company founded by Plaintiffs.[2]

Plaintiffs brought this diversity-based action asserting various "direct" claims against several groups of Defendants.[3] Shortly after learning that one of the Defendants, Legacy Acquisition Sponsor I LLC (Legacy), was a nondiverse defendant, Plaintiffs voluntarily dismissed Legacy under Rule 41(a).  (ECF No. 57.)

The OEC Defendants moved to dismiss the Complaint.  (ECF Nos. 88, 92.)  In so moving, they made two arguments, among others, that they ask the Court to reconsider here.  First, the OEC Defendants argued that Plaintiffs could not use a Rule 41(a) voluntary dismissal to cure a jurisdictional defect and that the jurisdiction of the Court is determined at the "time of filing," and the only exceptions for curing jurisdictional defects are Rule 21 and 28 U.S.C. § 1653.  (ECF No. 88-1 at 12-16.[4])  Second, the OEC Defendants argued that Plaintiffs' claims, though styled as "direct," are truly derivative and, as such, could not be dismissed without court approval under Rule 23.1(c).  (*Id.* at 21-22.)  Therefore, the OEC Defendants argued that complete diversity was lacking because Plaintiffs' Rule 41 dismissal of Legacy was improper and Legacy's presence in

---

[2]   For a detailed recitation of the factual and procedural background, see the Court's previous Opinion at ECF No. 118.

[3]   The original Defendants included: Pathak, C. Kurtin, and Kailas Agrawal, as former directors of Onyx; OEC, as Onyx's controlling stockholder; J. William Kurtin and In Colour Capital, as affiliates and controllers of OEC; Canaccord Genuity Group Inc., as the investment bank that facilitated the merger; and Legacy Acquisition Sponsor I LLC, as the sponsor of the SPAC.  (ECF No. 1 at 3.)

[4]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

this case destroys diversity jurisdiction. (*Id.*) The Court rejected both arguments, ruling that Plaintiffs could cure a jurisdictional defect by voluntarily dismissing all claims against Legacy under Rule 41(a). (ECF No. 118 at 18-19.)[5]

In addition to moving for reconsideration, the OEC Defendants move for clarification with respect to the Court's determination that Plaintiffs had standing to bring their claims. (ECF No. 124 at 19-20.) The Court ruled that Plaintiffs' claims all arose at least in part from harm that is "direct" under both New Jersey and Delaware law and thus have standing to pursue their direct claims. (ECF No. 118 at 27-34.) The Court explained that some of Plaintiffs' allegations were also derivative in nature and that Plaintiffs must comply with Rule 23.1's pleading requirements to pursue those claims. (*Id.* at 33-34.) The OEC Defendants now ask the Court to set forth which alleged injuries in the Complaint are derivative in nature. (ECF No. 124 at 19-20.)

## II.     LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, this district's local civil rules permit such motions if the movant (1) files its motion "within 14 days after the entry" of the challenged order and (2) sets "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citations and quotation marks omitted). Such motions may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear

---

[5]     The Court also noted that it could dismiss Legacy as a party under Rule 21 because Legacy is not a necessary party under Rule 19. (*See* ECF No. 118 at 22-27.)

3

error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted). They are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013). And it is improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Lynch v. Tropicana Products, Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

III. **DISCUSSION**

    A. **Motion for Reconsideration**

The OEC Defendants argue that the Court overlooked aspects of *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). The Court disagrees. The Court thoroughly analyzed *Grupo Dataflux* and its progeny in its Opinion. (*See, e.g.*, ECF No. 118 at 18 ("Indeed, federal courts throughout the country agree that following *Grupo Dataflux*, parties can use Rule 41 to cure jurisdictional defects." (citing cases)); *id.* at 20 ("OEC Defendants' argument disregards that federal courts can cure jurisdictional defects 'at any time.'") (citing *Grupo Dataflux*, 541 U.S. at 572-73).) The OEC Defendants' disagreement with the Court's ruling does not warrant the filing of the instant Motion. *See White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012) ("It is improper on a motion for reconsideration to 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" (citation omitted)).

Moreover, none of the OEC Defendants' substantive arguments have merit. In *Grupo Dataflux*, "[t]he purported cure [for a lack of subject-matter jurisdiction] arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party." 541 U.S. at 575. There, after the plaintiff filed a diversity-based suit in federal court, the plaintiff limited

4

partnership removed two of its partners who were Mexican citizens from its corporate structure in an attempt to cure a jurisdictional defect. *Id.* at 569. The Court held that such a *citizenship change* by the plaintiff could not "cure the jurisdictional defect that existed at the time of filing." *Id.* at 575. Here, by contrast, Plaintiffs cured a jurisdictional defect by voluntarily dismissing a party to the action (Legacy), not by changing its corporate structure. Thus, *Grupo Dataflux* is factually distinguishable and, as the Court previously ruled, Plaintiffs' voluntary dismissal cured any jurisdictional defect in this case. (ECF No. 118 at 21.)[6]

To be clear, *Grupo Dataflux* highlighted this factual distinction, noting instances where "a single party changed its citizenship by changing its internal composition," as compared to those cases where "party lineup changes . . . simply trimmed the litigation down to an ever-present core that met the statutory requirement." 541 U.S. at 579-80 (citations omitted). Here, no party changed its internal composition to cure a jurisdictional defect; Plaintiffs changed the party lineup by voluntarily dismissing Legacy as a defendant in this case. *See id.* at 572.

Finally, the OEC Defendants argue that the Court engaged in clear error by failing to apply Rule 82 and the Rules Enabling Act. (*Id.* at 13-18.) The Court already rejected the OEC Defendants' argument that Rule 82 or the Rules Enabling Act dictated a different result. (*See* ECF No. 118 at 21 n.15 ("OEC Defendants' argument that Rule 82 and the Rules Enabling Act § 2072 prevent a Rule 41 dismissal from extending the Court's jurisdiction is unavailing").) The OEC Defendants may "regret not articulating the nuances of their arguments on Rule 82 and the Rules Enabling Act with more force," (ECF No. 124-1 at 17-18), but they cannot use a motion for reconsideration to get a second bite at the apple. *See Sussman v. Capital One, N.A.*, Civ. No. 13-

---

[6] For these reasons, the OEC Defendants' reliance on *Optimum Air Solutions Inc. v. Arch Insurance Co.*, Civ. No. 22-463, 2022 WL 1541479, at *1 n.1 (D.N.J. May 16, 2022), a non-binding decision, is also unavailing.

6483, 2015 WL 164095, at *4 (D.N.J. Jan. 13, 2015) ("Because a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple, . . . and Plaintiff has not identified any manifest errors of law, the [c]ourt denies [the] [p]laintiff's motion for reconsideration . . . ." (internal citations and quotation marks omitted)).

For these reasons, the OEC Defendants' Motion for Reconsideration is denied.

### B. Motion for Clarification

The OEC Defendants also request that the Court clarify the portion of its Opinion denying their Motion to Dismiss for lack of standing. (ECF No. 124-1 at 19-20.) The Court rejected the OEC Defendants' argument in their Motion to Dismiss that Plaintiffs lacked standing, finding that Plaintiffs alleged both direct and derivative harm. (*See* ECF No. 118 at 33-34.) Despite Plaintiffs' Complaint being "replete with . . . allegations of derivative injuries," the Court held that "Plaintiffs' claims all ar[ose] at least in part from harm that is direct under both New Jersey and Delaware law" and thus could proceed. (*Id.* at 33-34.)[7]

The OEC Defendants now ask the Court to identify which of Plaintiffs' injuries are derivative to "narrow the scope of permissible discovery to only those allegations relating to the direct claims currently in Plaintiffs' Complaint." (ECF No. 124-1 at 19.) Plaintiffs oppose this request, arguing that the Court addressed the standing issue in denying the OEC Defendants' Motion to Dismiss. (ECF No. 133 at 14.) Plaintiffs also note that the request for clarification is premature as they intend to amend their Complaint. (*Id.*) Indeed, Plaintiffs have since filed an Amended Complaint, (ECF No. 139), which the OEC Defendants again have sought to dismiss, (ECF No. 174).

---

[7] The Court nevertheless cautioned Plaintiffs that to the extent they sought derivative relief, they must comply with Rule 23.1's pleading requirements. (ECF No. 118 at 34.)

The OEC Defendants' request for clarification is moot in light of Plaintiffs' filing of an Amended Complaint and the OEC Defendants' pending Motion to Dismiss. Even if the issue were not moot, the Court already provided examples of the direct and derivative allegations in the initial Complaint, and a determination of precisely which allegations were derivative in nature was not required to adjudicate the OEC Defendants' previous Motion to Dismiss. (*See* ECF No. 118 at 33-34.) Therefore, the OEC Defendants' request is denied.

## IV.  CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiffs' Motion for Reconsideration and Clarification (ECF No. 124) is **DENIED**. An appropriate Order follows.

Dated: January 8, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE