<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STANISLAV ROYZENSHTEYN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ONYX ENTERPRISES CANADA, INC., *et al.*,<br><br>Defendants. | Civil Action No. 22-07514 (GC) (JBD)<br><br>**<u>MEMORANDUM ORDER</u>** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendant Canaccord Genuity LLC's Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. (ECF No. 263.) Plaintiffs Stanislav Royzenshteyn and Roman Gerashenko opposed, and Canaccord replied. (ECF Nos. 269, 271.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Defendant's Motion is **DENIED**.

### I.    <u>BACKGROUND</u>

Canaccord argues Plaintiffs "repeatedly lied to the Court about [Plaintiffs'] participation in negotiating Canaccord's engagement." (ECF No. 263-1 at 4.)[1] And, Canaccord contends, the Court relied on these lies when denying Canaccord's Motion to Dismiss. (*Id.*) In particular, Canaccord previously argued Plaintiffs were bound by a venue clause that selects New York courts.

---

[1]    Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Canaccord argued that even though Plaintiffs were not parties to the Engagement Letter between Canaccord and Onyx Enterprises International Corp., they were still bound by it—and by its venue clause—because Plaintiffs were "closely related" to the Engagement Letter. (*Id*. at 4-5.)

The Court ruled Plaintiffs were not "closely related" after applying a multi-factor test. (ECF No. 228 at 16-20.) One of those factors is the negotiation involvement of the non-signatories, and the Court ruled that this factor weighed against applying the venue clause. (*Id*. at 17-18.) Now, however, Canaccord submits that Plaintiffs provided false information when the Court considered this factor, and "[e]ven at this stage in the discovery process," Canaccord's thirty-six exhibits attached to the Motion for Sanctions make clear that if the Court had been presented with the accurate information, it would have found the venue clause applied and dismissed Canaccord from this action. (ECF No. 263 at 5, 13-18.) Canaccord therefore seeks dismissal, in addition to fees and costs incurred in defending this action and filing the instant Motion. (*Id.* at 23.)

Plaintiffs respond that (1) any errors were inadvertent; (2) these errors would not have changed the Court's venue clause analysis; (3) Plaintiffs "have no way of knowing what emails in Canaccord's files it did not attach" that are relevant to the venue clause dispute because discovery is not complete; and (4) Canaccord had access to these emails when it filed its original Motion to Transfer but did not use them. (ECF No. 269 at 21, 25-28.) Plaintiffs also state they attempted to work with Canaccord to reach a solution such that the parties could brief the issues through a revised motion for reconsideration, but Canaccord refused and instead filed the instant Motion for Sanctions. (*Id.* at 5-6.) Plaintiffs move for cross-sanctions. (*Id.* at 28-29.)

## II.    **DISCUSSION**

Although Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims, "sanctions are warranted only in the exceptional circumstances where a claim

2

or motion is patently unmeritorious or frivolous." *Paris v. Pennsauken Sch. Dist.*, Civ. No. 12-7355, 2013 WL 4047638, at *6 (D.N.J. Aug. 9, 2013) (quoting *Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011)). "[T]he Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an abuse[] of the legal system." *Nahas v. Shore Med. Ctr.*, Civ. No. 13-06537, 2021 WL 3047032, at *2 (D.N.J. July 20, 2021) (internal quotation marks and citation omitted). "A Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings[.]" *Marlowe Pat. Holdings v. Ford Motor Co.*, Civ. No. 11-7044, 2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013).

And under 28 U.S.C. § 1927, "sanctions may not be imposed . . . absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *LaSalle Nat. Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 289 (3d Cir. 2002). "Bad faith should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf." *Lewis v. Smith*, 480 F. App'x 696, 699 (3d Cir. 2012). "[S]anctions that are imposed under § 1927 must only impose costs and expenses that result from the particular misconduct." *In re Prudential Ins. Co. Am. Sales Pracs. Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002).

Here, the Court finds any award of sanctions would be premature. While the Court appreciates the relevance of Canaccord's concerns with respect to the venue clause dispute, the Court finds that this is an issue more appropriately raised upon the completion of discovery and as part of any summary judgment briefing. (*See* ECF No. 282.) At that time, the parties will be able to make their arguments on a complete set of documents. *Marlowe*, 2013 WL 6383122, at *5. Further, at this time, the Court does not believe Plaintiffs' counsel engaged in bad faith. *LaSalle*

3

*Nat. Bank*, 287 F.3d at 289.  Accordingly, Canaccord's Motion is denied, and Plaintiffs' Cross-Motion is likewise denied.

### III.    CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 14th day of May, 2026, **ORDERED** as follows:

1. Defendant's Motion for Sanctions (ECF No. 263) is **DENIED** and Plaintiffs' Cross-Motion (ECF No. 269) for sanctions is **DENIED**.

2. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 263.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**